Harold T. Garrity, J.
It is with considerable reluctance that this court must decline to entertain jurisdiction of this criminal proceeding. There are several rather intriguing questions of law involved, the consideration of which has stimulated considerable research.
This prosecution is pending in the County Court by virtue of its removal from the City Court of Rye, subject to the consent of the County Court. Both Judges of the lower court have disqualified themselves. We preliminarily entertained jurisdiction, and it was presented on the basis of virtually an agreed statement of facts.
*646 Initiated by an information filed by the city’s building inspector, the defendants are charged with violating the Building Zone Ordinance of the City of Bye in that they unlawfully extended a nonconforming use.
In the course of our independent inquiry into the pertinent precedents and authorities, we examined the Charter of the City of Rye (L. 1940, ch. 505) which had not been cited. We there encountered section 363, which provides: Removal of cases to grand jury. Any charge of misdemeanor pending before the city court or city judge or assistant city judge may be removed to a court sitting with the grand jury by the method now or hereafter provided in sections fifty-seven and fifty-eight of the code of criminal procedure, but a complaint or charge for a violation of an ordinance must not be removed.” (Italics supplied.)
The zoning enactment in question is an ordinance. It is therefore abundantly clear that the mandatory language of the Legislature contained in said section is binding upon this court. Under the circumstances jurisdiction cannot be conferred, even by consent.
We accordingly have no alternative but to decline jurisdiction and remand the matter to the City Court of Bye. Submit order.